## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID HASSAN ALI HAYWARD,** | : | **Civil No. 3:18-CV-610** |
| | : | |
| **Plaintiff** | : | **(Judge Brann)** |
| | : | |
| **v.** | : | |
| | : | |
| **MONROE COUNTY CORRECTIONAL** | : | |
| **FACILITY, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants.** | : | |

## AMENDED REPORT AND RECOMMENDATION[1]

### I.    Factual Background

This case comes before us for a legally mandated screening review. The plaintiff, David Hayward, is a state prisoner who was formerly housed in the Monroe County Correctional Facility. In his *pro se* amended complaint, Hayward brings constitutional tort claims in the nature of false imprisonment and malicious prosecution claims against the county prison as an institution and numerous other individual and institutional defendants. (Doc. 22.) Hayward's amended complaint seeks a total of $16,900,000 in unliquidated damages from these defendants. (Id.)

Along with this complaint, the plaintiff has filed motions seeking leave to proceed *in forma pauperis.* (Docs. 2 and 9.) Even though Hayward's amended

---

[1] This Report and Recommendation is amended to expressly address the plaintiff's motion for summary judgment, see pages 9 and 10, *infra*.

complaint has not yet been served upon the defendants, Hayward has also filed a motion for summary judgment, seeking a judgment in his favor as a matter of law before the defendants have even received notice of this lawsuit. (Doc. 31.)

For the reasons set forth below we will direct that the lodged complaint be filed on the docket for screening purposes only and will conditionally GRANT the motions for leave to proceed *in forma pauperis.* (Docs. 2 and 9.) However, we recommend that this complaint be dismissed with respect to the Monroe County Correctional Facility; that Hayward's demand for $16,900,000 in unliquidated damages be stricken; and that Hayward's motion for summary judgment be denied without prejudice.

## II.  Discussion

### A.    Screening of *Pro Se* Complaints–Standard of Review

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, we are obliged to review the complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

2

With respect to this benchmark standard for legal sufficiency of a complaint,

the United States Court of Appeals for the Third Circuit has aptly noted the evolving

standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (2007) continuing with our opinion in Phillips [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> 556 U.S. 662, 129 S. Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief

may be granted, the court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn therefrom are to be construed in the light

most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>,

20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v.</u>

<u>Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court

need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of</u>

<u>Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic</u>

Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual

allegations sufficient to raise the plaintiff's claimed right to relief beyond the level

of mere speculation. As the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

> Two years after Fowler, the Third Circuit further observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.'"

Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011).

> In practice, consideration of the legal sufficiency of a complaint entails a

three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." <u>Iqbal</u>, 129 S. Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." <u>Id.</u>

<u>Santiago v. Warminster Tp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B.   The Monroe County Correctional Facility Should Be Dismissed From this Lawsuit

Hayward's lawsuit purports to bring civil rights claims pursuant to 42 U.S.C.

§1983 against a county prison as an institutional defendant. It is well-settled,

however, that a county jail is not a proper defendant in a §1983 lawsuit. As we have

observed:

> To the extent that the plaintiff attempts to bring a lawsuit against the county prison as an institution, it is well-settled that the plaintiff may not maintain a prisoner civil rights action against this particular defendant. Rather, the plain language of the statute provides that inmate civil rights actions under 42 U.S.C. § 1983 may be brought against: *"Every person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983 (emphasis added). Thus, § 1983 limits liability to *persons* who violate constitutional rights, a limitation that courts have consistently construed as not reaching county jails as institutions. In short, "the 'County Jail' is not a proper defendant in this § 1983 case[ ], because it is not a 'person.' See Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538–39 (D.N.J.1989) (stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (D.C.Pa.1976); see also Marsden v. Federal BOP, 856 F.Supp. 832, 836 (S.D.N.Y.1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D.Ill.1993) (Cook County Jail not a 'person' under § 1983); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 893–94 (E.D.Va.1992) (local jail not a 'person' under § 1983)." Crooks v. Passaic County Sheriff's Dep't/Jail, CIV. 07–0092(FSH), 2007 WL 923330 (D.N.J. Mar. 26, 2007). See also, Thomas v. Wilbert, CIV.A. 09–4796 GEB, 2011 WL

91001 (D.N.J.Jan.11, 2011) ("County Correctional Institution is not a proper defendant in a § 1983 case and must be dismissed from this action").This limitation on the reach of proper defendants in an Eighth Amendment claim compels dismissal of this claim, as stated in this pro se complaint, with respect to the county jail, which is not a proper defendant in a civil rights action brought under § 1983. <u>See Stasko v. Lebanon Cnty. Corr. Facility</u>, No. 1:12–CV–1155, 2013 WL 1188014, at *4 (M.D.Pa. Mar.1, 2013) <u>report and recommendation adopted</u>, No. 1:12–CV–1155, 2013 WL 1188009 (M.D.Pa. Mar.21, 2013).

<u>Brito v. Cumberland Cty. Prison</u>, No. 3:15-CV-1641, 2015 WL 5530257, at *5 (M.D. Pa. Sept. 18, 2015). Accordingly, the county prison should be dismissed as a defendant in this case.

## C.   The Plaintiff's Claim for a Specific Amount of Unliquidated Damages is Improper

Further, we note that the plaintiff's demand for specified compensatory damages from the defendants in the amount of $16,900,000, is inappropriate. Rule 12(f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter. Fed.R.Civ.P. 12(f). Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. <u>Singh v. Superintending School Committee of the City of Portland</u>, 593 F.Supp. 1315 (D.Me.1984).

8

In this case, the plaintiff's claim for a specified amount of unliquidated damages violates Local Rule 8.1 which provides, in part, that: "The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P. 8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.* The short plain statement of jurisdiction, required by Fed.R. Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other." Local Rule 8.1 (emphasis added). Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, it is further recommended that this specific dollar claim be stricken from the complaint. See Holmes v. Eck, No. 3:16-CV-644, 2016 WL 1729489, at *5 (M.D. Pa. Apr. 20, 2016), report and recommendation adopted, No. 3:16CV644, 2016 WL 1756907 (M.D. Pa. Apr. 29, 2016).

### D.    Hayward's Motion for Summary Judgment is Premature and Should Be Denied Without Prejudice

Finally, we note that Hayward has filed a motion for summary judgment, seeking a judgment in his favor as a matter of law before the defendants have been served and received notice of this lawsuit. (Doc. 31.) Given the procedural posture of this case, Hayward's motion is premature and inappropriate. Accordingly, the motion for summary judgment should be denied without prejudice to renewal by the

plaintiff once the complaint has been served and the defendants have entered appearances through counsel in this case.

## III.  <u>Recommendation</u>

Accordingly, for the foregoing reasons:

1. The plaintiff's motions for leave to proceed *in forma pauperis* are conditionally GRANTED. (Docs. 2 and 9.)

2. IT IS RECOMMENDED that the plaintiff's complaint be dismissed with respect to the Monroe County Correctional Facility.

3. IT IS FURTHER RECOMMENDED that the plaintiff's request for a specific amount of unliquidated damages be stricken.

4. IT IS FURTHER RECOMMENDED that the plaintiff's motion for summary judgment, (Doc. 31) be denied without prejudice.

The plaintiffs are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is

made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th  day of January, 2019.


*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge